IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| N^3 OWNER, LP D/B/A N^3 LP, § § Plaintiff, § § v. § § LIGHTS-DIRECT, INC., § § Defendant. § | Civil No.  3:21-CV-01066-E |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction and Forum Non Conveniens (Doc. 10).  For reasons that follow, the Court denies the motion in part and grants it in part.  The Court dismisses the case on grounds of forum non conveniens.

Plaintiff N^3 Owner, LP d/b/a N^3 LP filed this lawsuit against Defendant Lights-Direct, Inc. on May 11, 2021.  Plaintiff is the owner, developer, and general contractor for various apartment complexes in Dallas County and other Texas locations.  Plaintiff and Defendant had an agreement under which Defendant was to supply lighting fixtures to Plaintiff for use at several of its apartment projects, including the Mansions at Mercer Crossing, the Luxe at Mercer Crossing, the Mansions at Onion Creek, the Mansions at La Cantera, the Mansions at Lake Ridge, the Mansions by the Lake III, and the Mansions at Georgetown 2.  The parties entered into purchase orders for each project and later, in February 2020, into Addendums to the purchase orders.  Plaintiff alleges Defendant made certain representations in an April 2020 email exchange about shipment of and billing for the lighting fixtures.  The specific representations alleged are that: (1) all pending shipments will be delivered to all properties by April 10, 2020 for Luxe at Mercer

1

Crossing, Mansions at Mercer Crossing, Mansions at Georgetown 2, and Mansions at La Cantera; (2) no tariffs will be billed to Plaintiff for any of the projects; and (3) no lights or fixtures not currently requested by Plaintiff as of the date of the email will be "utilized or charged" to Plaintiff's jobs. Plaintiff alleges that in reliance on these representations, it paid Defendant over $1.2 million. Plaintiff further alleges Defendant did not honor any of its representations and the representations were made solely to secure Plaintiff's payment. Plaintiff asserts one claim for fraud. The complaint acknowledges that Plaintiff previously filed a suit in State court against Defendant that asserted multiple claims. That case was compelled to arbitration, but Plaintiff maintains the arbitration clause does not apply to the instant fraud claim.

In its motion to dismiss, Defendant contends Plaintiff waived federal subject matter jurisdiction by litigating its fraud claim in the State-court case. Alternatively, Defendant contends the complaint should be dismissed on forum non conveniens grounds because the Addendums to the purchase orders contain a forum selection clause mandating that Texas State courts shall be the exclusive venue for resolving any disputes. Defendant filed an appendix in support of its motion to dismiss, which includes documents from Plaintiff's State-court lawsuit.

Over nine months before the instant suit was filed, on July 21, 2020, Plaintiff and seven of its affiliates, who are also alleged to be owners/developers/general contractors in the apartment projects, filed their original complaint in State court in Tarrant County against Lights-Direct and its president Kay Allen.[1] The State-court plaintiffs allege they entered into several agreements by which Lights-Direct agreed to supply various lighting fixtures to several of its apartment projects.

---

[1] These affiliates, which are limited partnerships, were also named plaintiffs in the original complaint filed in this Court. Twice, the Court ordered the plaintiffs to amend their complaint to properly allege diversity jurisdiction, as the first two complaints failed to properly allege the citizenship of the partnership members. Plaintiff N^3 Owner, LP is the sole plaintiff in the Second Amended Complaint, presumably because complete diversity did not exist when the affiliates were parties to the lawsuit.

It names the same seven apartment complexes named in the instant suit, plus one additional. The State-court plaintiffs allege venue is proper in Tarrant County because under the parties' agreements "venue for all disputes exclusively lies in Tarrant County." Their live pleading asserts the following causes of action: breach of contract against Lights-Direct, fraud/fraud in the inducement against Lights-Direct, and *ultra vires* fraud against Allen. In October 2020, Lights-Direct and Allen moved the Tarrant County court to compel arbitration pursuant to language in Addendums to the purchase orders for each project. On March 25, 2021, the State court judge abated the lawsuit and ordered that the plaintiffs and the defendants in that case shall submit the entire controversy between them to arbitration. That decision was upheld on appeal.

In this case, Defendant first asserts that Plaintiff has waived federal jurisdiction by initiating and pursuing the same fraud claim against Defendant in State court. Plaintiff denies that the two fraud claims are identical, stating its State-court claims are "other, different claims." The two fraud claims are similar to say the least. Ultimately the issue of whether the two fraud claims are the same is not material to the matters raised in the motion before the Court. As support for its waiver argument, Defendant relies exclusively upon language in cases that were removed from State court to federal court. *See, e.g., McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("[O]nly a defendant, never a plaintiff may remove a civil action from state to federal court…"). This case was not removed from State court. Plaintiff initiated it here. The Court is not persuaded that it lacks subject matter jurisdiction for this reason.

Alternatively, Defendant contends the case should be dismissed on grounds of forum non conveniens. Forum non conveniens is a doctrine under which a court may decline to exercise its jurisdiction and dismiss a case that is otherwise properly before it so the case can be adjudicated in another forum. *PCL Civil Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073 (5th Cir.

2020). Forum non conveniens is the appropriate way to enforce a forum selection clause pointing to a state or foreign forum. *Id.*

Defendant relies on the following language, found in the Addendums to the purchase orders entered into by the parties in connection with each apartment project:

> 2. <u>VENUE; LAW</u> - All disputes, claims, and/or causes of action brought under and/or in connection with this Addendum and/or the Purchase Order and/or the goods and/or services described in the Purchase Order shall be subject to the laws and the courts of the State of Texas, and this Addendum and the Purchase Order shall be interpreted by applying Texas law.  Purchaser and Seller hereby voluntarily agree and covenant that the venue for the hearing and resolution of all disputes, claims, and/or cause of actions (i) brought under this Addendum and/or the Purchase Order, (ii) brought in connection [with] goods and/or services purchased by Purchaser, and/or (iii) brought by or against, Purchaser, Seller, and/or any of their respective officers, directors, principals, affiliates, investors, and/or related individuals . . . shall <u>exclusively</u> lie in Tarrant County, Texas . . . .

Defendant argues Plaintiff cannot carry its burden to show that the forum selection clause is unenforceable.

Plaintiff responds the fraud claim at issue in this case is not brought under or in connection with the Addendums. Plaintiff's appendix in support of its response contains the declaration of Marcus Hiles, its Chief Executive Officer. Hiles states the Addendums to the purchase orders were signed in February 2020. After that, various problems arose, and in April 2020, the parties had a discussion via email that governed the new terms of their relationship. At that time, Lights-Direct made the email representations that are at issue in this suit: All pending shipments will be delivered to all properties by April 10, 2020; no tariffs will be billed for any of the projects; and no lights or fixtures not currently requested by N^3 Owner as of the date of the email will be utilized or charged to the jobs. In specific reliance on these representations, Plaintiff made payments to Defendant of over $1.2 million. Even though Hiles's declaration refers to the Addendums and to "pending shipments," according to Hiles, the payments at issue were not based

on any previous dealings between the parties and did not have anything to do with the Addendums. Plaintiff argues the substance of its claim is outside the scope of the Addendums.

First, the Court must decide whether the forum selection clause is mandatory or permissive. A mandatory forum selection clause affirmatively requires the litigation arising from the contract be carried out in a given forum. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016). A forum selection clause is mandatory only if it contains clear language specifying that litigation must occur in the specified forum. *Id.* Here, the forum selection clause is mandatory. It specifies that "[a]ll disputes, claims, and/or causes of action . . . *shall* be subject to the laws and the courts of the State of Texas." (Emphasis added.)

Next, the Court determines if the forum selection clause is enforceable. *See id.* at 773. Federal law applies to determine the enforceability of forum selection clauses in diversity cases. *PCL Civil Constructors*, 979 F.3d at 1073. Under federal law, the party resisting enforcement of a forum selection clause bears a heavy burden of proof. *Id.* There is a strong presumption in favor of mandatory forum selection clauses. *Weber*, 811 F.3d at 773 (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 962–63 (5th Cir. 1997)). When a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum selection clause should be upheld unless the party opposing its enforcement can show the clause is unreasonable. *PCL Civil Constructors*, 979 F.3d at 1074. Finally, in a case involving a mandatory, enforceable forum selection clause, the next step is to balance public-interest factors. *See id.*

Here, Plaintiff does not present any argument that supports a finding that the forum selection clause is unreasonable. Nor does Plaintiff make any argument about the public-interest

factors. Instead, Plaintiff argues the forum selection clause does not apply to the fraud claim it brings in this suit.

Plaintiff asserts the Court must accept its allegations and evidence as true at "the Motion to Dismiss stage" and thus must deny Defendant's forum non conveniens motion. However, the scope of a forum selection clause's application is a matter of contract interpretation, which is a question of law. *See Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008); *Burnett v. ARCCA Inc.*, No. 15-1214, 2016 WL 1271073, at *4 (W.D. La. March 31, 2016). To determine whether a forum selection clause applies to a particular cause of action, a court looks to the language of the parties' contract. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir. 1998). Here, the forum selection clause provides, "All disputes, claims, and/or causes of action brought under and/or in connection with this Addendum and/or the Purchase Order and/or the goods and/or services described in the Purchase Order shall be subject to the laws and the courts of the State of Texas." Notwithstanding Hiles's assertion that the fraud claim is not related to the Addendums, as a matter of contract interpretation, the broad language in the Addendums covers Plaintiff's fraud claim. *See Ginter ex rel. Ballard v. Belcher*, 536, F.3d 439, 444–45 (5th Cir. 2008) (courts examine language of forum selection clause with common-sense view of causes of action to determine whether clause is broad enough to cover torts); *see also Pinnacle Interior Elements, Ltd. v. Panalpina, Inc.*, No. 3:09-CV-0430-G, 2010 WL 445927, at *5 (N.D. Tex. Feb. 9, 2010) (when phrase "in connection with" appears in contract, it functions to expand scope of clause that it modifies to include anything that has significant relationship to subject matter of that clause). The forum selection clause applies to disputes, claims, or causes of action brought in connection with the goods and services described in the purchase orders. Clearly, Plaintiff's fraud claim, in which it complains about representations made

6

regarding the shipment of lighting fixtures Defendant agreed to supply under certain purchase orders and the billing for those goods, is brought in connection with the goods and services that are the subject of the purchase orders between the parties. Thus, the forum selection clause applies to the fraud claim brought in this suit and Plaintiff is required to litigate in State court in Tarrant County, Texas. The Court grants Defendant's motion to dismiss on grounds of forum non conveniens.

**SO ORDERED**.

Signed January 18, 2022.

_____
Ada Brown
UNITED STATES DISTRICT JUDGE